# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PATRICIA ROBINSON for**
**CHRISTOPHER EVAN ROBINSON,**

    Plaintiff,

vs.                                        Civ. No. 01cv161 BB/DJS

**JO ANNE B. BARNHART,**[1]
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand filed December 4, 2001. (Docket No. 5) The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and should be granted.

---

[1] Jo Anne B. Barnhart was sworn in as Commissioner of Social Security on November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted for Acting Commissioner Larry G. Massanari as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act. 42 U.S.C. §405(g).

**PROPOSED FINDINGS**

**I.  PROCEDURAL RECORD**

1.    Plaintiff Patricia Robinson on behalf of her son Christopher Evan Robinson filed an application for benefits on May 10,1995. Tr. Tr. 29, 52.  The Administrative Law Judge denied Plaintiff benefits in his decision on June 3, 1998.  Plaintiff appealed to the Appeals Council.  The Appeals Council remanded the case to the Administrative Law Judge (ALJ) on Jun 17, 1999.  Tr. 226.  The Appeals Council ordered the ALJ to "[g]ive consideration to the treating source opinions..." Id.  The Commissioner's ALJ conducted a hearing on March 16, 2000.  At the hearing, the Plaintiff was represented by an attorney.  On April 25, 2000, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. § 416.924(a)-(d) and Walker v. Apfel, 141 F.3d 852, 853 (8th Cir. 1998):    The claimant had not engaged in substantial gainful activity since the alleged onset of disability; the claimant has obsessive compulsive disorder, attention deficit hyperactivity disorder, major depression which is recurrent but currently in remission, overanxious disorder of childhood/adolescence with some improvement, multiple food allergies, and chemical sensitivities, all of which are severe impairments; the claimant's testimony of subjective complaints and functional limitations was not supported by evidence of record to the disability degree alleged and was not fully credible; the claimant's mother's testimony was also not fully credible; the limitations resulting from the effects the impairments, either singly or in combination, have not been of such severity as to medically meet or equal any condition in the Listing of Impairments; and the claimants impairments, either singly or in combination, have not been functionally equal to any condition described in the Listing of Impairments.  Tr. 19.

2.    On the date of the ALJ's decision, Plaintiff was 14  years old.  The beginning date

under consideration is the date of filing, May 16, 1995. See 20 C.F.R. §416.335. The end date is the date of the ALJ's decision, April 25, 2000.

3. The Plaintiff filed a request for review. On March 5, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 6. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on February 8, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order for an individual under the age of 18 to qualify for disability insurance benefits a sequential evaluation process is used which is comparable to the five step sequential evaluation used for benefits for adults. 20 C.F.R. §416.924(a). The first step is a determination of whether the child has engaged in substantial gainful activity. 20 C.F.R. §416.924(b). The second step involves a determination of whether the impairment, or combination of impairments, is "severe" (a abnormality or combination of abnormalities that causes more than minimal functional limitations). 20 C.F.R. §416.924(c). The last step involves a determination of whether the child has an impairment or

3

impairments that meet, medically equal, or functionally equal in severity a Listed impairment. 20 C.F.R. §416.924(d).

6. If a claimant does not meet the requirements for a listed impairment, he may equal them if the child's functional limitations in a number of areas are impaired. An adolescent between the ages of 12 and 18 is evaluated in the following broad areas of development or functioning: cognitive/communicative development; motor functioning; social functioning; personal functional; and concentration, persistence or pace. 20 C.F.R. §416.926a(c)(5)(v). A child's impairments functionally equals a listed impairment if he has extreme limitations in one area of functioning or marked limitations in two areas of functioning. A marked limitation is characterized as a limitation that is more than moderate but less than extreme. 20 C.F.R. §416.926a(C)(3). It is a limitation that seriously interferes with a child's ability to independently initiate, sustain or complete activities. An extreme limitation is characterized as no meaningful functioning in an area.

### III. DISCUSSION

7. Plaintiff asserts that the ALJ's finding that Christopher does not meet Listings 112.04 and 112.06 is not supported by the substantial evidence and is contrary to law.

Listings.

8.  12.06 Anxiety Related Disorders:
    A. Medically documented findings of at least one of the following:
        4. Recurrent obsessions or compulsions which are a source of marked distress;

12.04 Affective Disorders: is characterized as a "prolonged emotion that colors the whole psychic life; it generally involves either depression or elation."

The two listings require that the claimant have a marked impairment in two of the following domains; daily living, social functioning, concentration, persistence or pace; or repeated episodes of

4

decompensation, each of extended duration. 20 C.F.R. Pt. P, App. 1, Listings 112.02 and 112.04.

Medical evidence.

*Dr. Krohn, MD, M.P.H.*

9. In June of 1995, Dr. Krohn opined that Plaintiff was disabled. On August 18, 1996, Dr. Krohn was treating Christopher for his allergies. She found that he was suffering from many food allergies, depression, chemical sensitivities and attention deficit disorder and was disabled. She said that Christopher exhibited symptoms of depression, was lethargic and unresponsive. "According to his therapist, Evan requires mediation for his depression." She opined that his prognosis was guarded. In October 25, 1999, Dr. Krohn writes in her report that Christopher's "most severe reaction is his obsessive compulsive habit of washing his hands." Tr. 239.

*Dr. Jeannie Turner*

10. Dr. Turner is a consultative physician and saw Christopher on August 28, 1996. She diagnosed Christopher with attention deficit hyperactivity disorder and dysthymia. "His affects seems dysthymic and dysphoric to me." Tr. 127.

*Richard S. Mechem, Ph.D.*

11. Dr. Mechem is Christopher's treating psychologist. He saw Christopher for psychotherapy on twenty five occasions during the year 1997. Initially he diagnosed Christopher with Adjustment Disorder with depressed mood. Tr. 150. A year later Dr. Mechem diagnosed Christopher with Obsessive Compulsive Disorder He states that since the intake interview in 1996 that Christopher's "overall functioning has significantly deteriorated." His compulsion is handing washing. Dr. Mechem notes that Christopher's "hands are cracked from over-washing." Tr. 146. "Regular psychotherapy visits have kept depression to less than major or dysthymic proportion. But

it must be emphasized that Evan is suffering in a major way from phobic, obsessive and compulsive symptoms." He states that the prognosis of Christopher is "most guarded." Further, he concludes that Christopher "suffers currently, and will for the foreseeable future, from most serious emotional disabilities." Tr. 148.

*Raoul Berke, M.D.*

12. Dr. Berke performed a psychiatric evaluation of Christopher on October 14, 1999. Again, the Plaintiff is diagnosed with obsessive compulsive disorder; attention deficit hyperactivity disorder, by history; major depression, recurrent, currently in remission; and overanxious disorder of childhood/adolescence, improving somewhat. Tr. 233-34. When he interviewed the Plaintiff about her son, she told him that Christopher's hand washing and cleanliness rituals are still "quite severe." According to the Plaintiff, Christopher spends two hours in the bathroom each time he uses the bathroom. He uses this time to do his hand washing and cleanliness rituals. He showers after using the toilet and has been known to use an entire toilet paper roll per bathroom episode. Tr. 232. Dr. Berke wrote that Christopher "has the worst case of childhood/adolescent obsessive compulsive disorder I have seen in my 30 years of practice." Tr. 233. He further stated that Christopher's "symptoms are severely interfering with his life due to his compulsive rituals and obsessive worries about germs and cleanliness." Id.

*Laurence Shandler, M.D.*

13. Dr. Shandler is a pediatrician that performed a consultative evaluation on October 18, 1999. He opined that Christopher "would benefit by a full psychiatric evaluation." Tr. 236.

Substantial evidence.

14. Evidence is not substantial "if it is overwhelmed by other evidence-particularly certain

types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion." Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985). The ALJ found that Plaintiff was unable to show marked distress and thus did not meet Listing 12.06A(6). He relies on the report of Dr. Berke and refers specifically to page 5. On page 5 of his report Dr. Berke wrote that Christopher was above average in intelligence and did not exhibit a lot of anxiety. Tr. 16. The ALJ then concluded that though "the repetitious rituals have severely interfered with the claimant's life, the claimant is not markedly distressed, according to Raoul Berke." Id. Clearly the report of Dr. Berke does not support the ALJ's conclusion. The ALJ clearly ignored the other evidence in Dr. Berke's report. This is error. Gathright v. Shalala, 872 F. Supp. 893, 898 (D.N.M. 1993)(ALJ failed to address physician's observations); Switzer v. Heckler, 742 F.2d 382, 385-86 (7th Cir. 1984)("This report is uncontradicted and the Secretary's attempt to use only portions favorable to her position, while ignoring other parts, is improper.) As stated above, Dr. Berke found that Christopher had the worst case of childhood/adolescent obsessive compulsive disorder he had ever seen. Tr. 233. He found that Christopher's behavior was "severely interfering with his life." Id. Dr. Berke's diagnosis and findings are consistent with those of Christopher's treating psychologist, Dr. Mechem. The ALJ cannot ignore this. Switzer, 742 F.2d at 386.

15. The ALJ found that Christopher had moderate limitations in restrictions of activities of daily living; moderate difficulties in maintaining social functioning; often deficiencies of concentration, persistence or pace resulting in a failure to complete tasks in a timely manner and never having episodes of deterioration or decompensation in work and work-like settings. Tr. 22. Again, the substantial evidence does not support these findings. As discussed above the medical records and testimony of Christopher and his mother are to the contrary. The medical records contain numerous

references to Christopher's obsessive compulsive behavior and specifically to his hand washing rituals. Tr. 144-148, 229-234, 235-36, 238-39. Christopher told his treating psychologist, Dr. Mechem, that this behavior started in 1995. In May of 1997, Dr. Mechem wrote that Christopher could not control his hand washing ritual. Tr. 146. After going to the bathroom, there is testimony that Christopher washes his hands to the point that they are dry and have cracks on them. Tr. 246. Dr. Mechem noted the cracks in Christopher's hands in 1997. Christopher's mother took him to the emergency room in 1999 because his hands up to his elbows were cracked and bleeding. Tr. 274.

16. In 1999, Christopher's mother had told physicians that after using the bathroom Christopher spend two hours in the bathroom. In addition she told a physician that Christopher would go to school and not use the bathroom whatsoever all day. He then uses the bathroom at home and goes through his ritual cleaning. Tr. 232. At the time of the hearing, Christopher was being taught by a tutor at home. The decision that Christopher was to be taught at home was made at a meeting with school officials. Tr. 271. He was unable to go to school because he spent most nights awake in the bathroom. Tr. 267-69.

17. The ALJ must give significant weight to a treating physician's opinion if the evidence supports it. Castellano v. Secretary of HHS, 26 F.3d 1027, 1030 (10th Cir. 1994). When the ALJ discounts a treating physician's opinion, he must give specific reasons. Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996). Dr. Mechem was Plaintiff's treating psychologist. In December of 1997, Dr. Mechem wrote that he had seen the Plaintiff twenty five times for psychotherapy. He diagnosed the Plaintiff with obsessive compulsive disorder. Tr. 144. The ALJ did not refer to Dr. Mechem, his report or his opinions. This failure requires reversal.

18. Defendant argues, *inter alia*, that the scope of the remand order does not include

consideration of Dr. Mechem's opinion. The Appeals Council found error on the part of the previous ALJ opinion because it did not include a discussion of Dr. Krohn. However, as the ALJ stated in the administrative hearing: "I'm not bound by his prior decision. So this will be a new determination we're having here today." Tr. 250.

ALJ's credibility analysis.

19.     The ALJ made adverse credibility findings. He wrote that:

"The claimant's testimony of subjective complaints and functional limitations was not supported by the evidence of record to the disabling degree alleged and was not fully creditable (sic). The Claimant's mother's testimony was also not fully creditable (sic)." Tr. 19.

The ALJ did not provide any reasons for these findings. Nor does the record support such a finding. Jackson v. Apfel, 162 F.3d 533, 538 (8th Cir. 1998)("An ALJ may discount a claimant's subjective complaints only if there are inconsistences in the record as a whole.")" Huston v. Bowen, 838 F.2d 115, 1133 (10th Cir. 1998)("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of listings."

20.     The Defendant argues that this error is harmless. This is disingenuous when one considers the disability evaluation process for children. The regulations state that parents may provide important evidence on how well the child functions because they frequently see the child. 20 C.F.R. §416.924(f).

Conclusion

21.     The court may exercise its discretion and recommended an immediate award of benefits. Emory v. Sullivan, 936 F.2d 1092, 1095 (10th Cir. 1991). When there has been a long delay and the record is fully developed an award of benefits is appropriate. Sorenson v. Bowen, 888 F.2d 706, 713 (10th Cir. 1989). Christopher applied for benefits at age ten and in the intervening six years

his claim has gone through the appeal process twice. On this record, and given the delay, it is appropriate for the court to exercise its discretion and recommend an immediate award of benefits.

## RECOMMENDED DISPOSITION

I recommend finding that the ALJ did not apply the correct legal standards and his decision is not supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed December 4, 2001, should be **GRANTED** and Plaintiff should be awarded benefits.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period in order to preserve the right of appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**